IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02284-RPM-BNB

ALISON D. JONES,

Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC.,

Defendant.

---

## ORDER

---

This matter is before me on the parties **Joint Motion for Approval of Settlement** [Doc. # 20, filed 4/7/2008] (the "Motion").  The Motion is DENIED.

The plaintiff brought claims against her former employer for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2615(a).  A settlement conference was held, but no settlement was reached at that time.  Approximately one month later, however, the parties filed the Motion, stating that a settlement had been reached and requesting that the court "approve the terms of the settlement," relying on Taylor v. Progress Energy, Inc., 493 F.3d 454 (4th Cir. 2007).  The parties' settlement agreement, which contains the terms of the settlement subject to a confidentiality clause, was filed under seal in support of the Motion.

In Taylor, the Fourth Circuit Court of Appeals reviewed 29 C.F.R. § 825.220(d) which provides that "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA," and held that an employee may settle a claim for violation of the FMLA, including a right of action (or claim) for a past violation, only with the prior approval of the

Department of Labor or a court. Id. at 456-57. As the parties note in their Motion, however, there are conflicting decisions by other courts, including the Fifth Circuit Court of Appeals in Faris v. Williams WPC-I, Inc., 332 F.3d 316 (5th Cir. 2003), and the Eastern District of Pennsylvania in Dougherty v. Teva Pharmaceuticals USA, Inc., 2007 WL 1165068 (E.D. Pa. April 9, 2007), and in Dougherty v. Teva Pharmaceuticals USA, Inc., 2008 WL 508011 (E.D. Pa. Feb. 20, 2008).

There is no controlling authority from the Tenth Circuit Court of Appeals on the issue. Nor have I been able to locate any case applying the Taylor decision, and the parties have not directed me to any. It is not apparent to me what purpose would be served by court review of an FMLA settlement under Taylor.

I also am aware of the decision of the District of Maine in Hicks v. John F. Murphy Homes, Inc., 2008 WL 216511 (D. Me. Jan. 25, 2008). In Hicks, the court reviewed Taylor, Faris, and the first Dougherty decision and ruled:

> Having reviewed all three opinions and without deciding the issue, the Court is inclined to say that it would adopt the interpretation of 29 C.F.R. § 825.220(d) found in both Faris and Dougherty (which is the same interpretation advanced by the Department of Labor in Taylor).
>
> While the Court now appreciates the concerns that prompted counsel to seek court approval of the FMLA releases negotiated as part of the settlement agreement, the Court does not believe that Taylor reflects the law in the First Circuit. In the absence of binding precedent requiring that this Court approve all FMLA-related releases, such approval is not required. Moreover, in the absence of any adversary process, the Court remains concerned that any approval of such releases would amount to an advisory opinion.

Hicks, 2008 WL 216511 at *1.

I agree with the reasoning of the district court in Hicks. In the absence of any controlling

2

authority in this circuit requiring or authorizing judicial review of FMLA settlements, and in view of the record now before me, I decline to approve, disapprove, or otherwise pass on the propriety of the settlement voluntarily entered into by these parties, both represented by distinguished counsel.

IT IS ORDERED that the Motion is DENIED.

Dated April 28, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge